**UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF FLORIDA
CIVIL DIVISION**

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRO SE (NON-PRISONER) LITIGANTS IN ACTIONS UNDER 28 U.S.C. § 1331 or § 1346 OR 42 U.S.C. § 1983

John Walter Sprouse

    (Enter full name of Plaintiff(s))

vs.

                                 CASE NO: 3:11cv336-MCR/EMT
                                       (To be assigned by Clerk)

Mortgage Electronic Registration Systems, Inc.

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

Rec'd0831'11UsDcFln3PM0429

Filed0830'11UsDcFln4PM0221

## I.    PLAINTIFF:

State your full name and full mailing address in the lines below.

Name of Plaintiff:     John Walter Sprouse

Mailing address:      1601 N. Sepulveda Blvd., #631
                            Manhattan Beach, CA  90266


## II.   DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1)    Defendant's name:      Mortgage Electronic Registration Systems, Inc.

       Official position:

       Employed at:

       Mailing address: 1818 Library Street, Suite 300 Reston, VA 20190

(2)    Defendant's name:

       Official position:

       Employed at:

       Mailing address:

(3)    Defendant's name:

       Official position:

       Employed at:

       Mailing address:

(4)    Defendant's name:

       Official position:

       Employed at:

       Mailing address:

### ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

2

## III.   STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

1. This Honorable court has diversity jurisdiction due to the fact that both Plaintiff and Defendant do not reside in the State of Florida and the matter is related to a promissory note amount over $75,000. The promissory note in question is in the amount of $99,750.

2. Note executed between Plaintiff and the Lender, Centric Mortgage on October 31, 2006 for the property located at 6814 Boots Lane, Milton, Florida. Plaintiff is named as the mortgagor and Mortgage Electronic Registration Systems, Inc. (MERS) named as the mortgagee under the mortgage.

3. No monies were ever disbursed from MERS to Plaintiff and Plaintiff was never required to make payments on this Note to MERS.

4. In the county records, there is no recording of the assignment of the Note from the original Lender, Centric Mortgage to MERS. In the county records, there is a recording of an assignment of the Mortgage from Centric Mortgage to MERS. These two facts are prima facie evidence that the Note and Mortgage have been bifurcated.

5. The Note has been securitized and sold into a REMIC trust thereby separating the Note from the Mortgage security instrument. The exact date of this transfer is unknown at this time.

6. On October 12, 2009, MERS recorded an assignment in County Records of the Note and Mortgage from MERS to Aurora Loan Services, LLC. As stated above, MERS never held the Note, and, therefore, did not have the right to assign the Note along with the Mortgage. Therefore, this is an invalid assignment and Aurora Loan Services, LLC is not a true party of interest.

7. Aurora Loan Services filed a Judicial Foreclosure lawsuit against Plaintiff. As stated above, Aurora Loan Services, LLC is not a true party of interest and, therefore, does not have the authority to foreclose.

8. The Assignment in the county records is signed by Theodore Schultz, a known "robo-signer." In the Assignment, Mr. Schultz is identified as a Vice President for MERS. In other assignments recorded in various county records, Mr. Schultz is identified as an authorized representative for Aurora Loan Services, LLC. How does Mr. Schultz hold two officer positions at different companies? The Plaintiff challenges Mr. Schultz's

3

standing as an authorized representative of MERS. Furthermore, assignments recorded by Mr. Schultz clearly show different signatures possibly reflecting he did not sign the assignments himself.

9. The above facts call into the question the validity of the Assignment recorded in the county records and any declarations regarding its validity can only be considered hearsay and inadmissible.

4

## IV. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section III. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights com plaint.**

1. Carpenter v. Longan 83 U.S. 16 Wall. 271 271 (1872):
   a. Page 83 U. S. 274: The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity.
2. Under Federal Rules of Evidence 1002 and 1003, governing the admissibility of duplicates, any photocopies brought in as evidence are considered to be forgeries. It is unfair to admit a photocopy in the place of an original as there are information contained within the original that is not in a photocopy, specifically the only legally binding chain of title to the promissory note. Plaintiffs have not produced the original Note.
3. Under Uniform Commercial Code - ARTICLE 3 -§3-308, all signatures presented that is not on an original format (with the original wet ink signature) is hereby denied and is inadmissible.
4. Under Uniform Commercial Code – ARTICLE 3 -§3-303, If a transferor purports to transfer less than the entire instrument, negotiation of the instrument does not occur. The transferee obtains no rights under this chapter and has only the rights of a partial assignee.
5. On August 28, 2009, the Kansas Supreme Court issued a ruling in Landmark Nat'l Bank v. Kesler, MERS was the appellant who sought to invoke due process rights which it said were violated when MERS failed to get notice of the fact that their "interest" was being wiped out via a prior foreclosure it did not receive notice of. The Court said simply that MERS — or any nominee" didn't have any interest and proves its point by reference to simple statements in the documents and the simplest of laws and interpretation of the role of MERS and the requirements of recordation. The splitting or bifurcation of the promissory note or mortgage note and mortgage or deed of trust creates an immediate and fatal flaw in title. The court viewed MERS as simply a "straw man" when it stated: "The relationship that MERS has to (to holder of a loan) is more akin to that of a straw man than to a party possessing all the rights given a buyer. A mortgagee and a lender have intertwined rights that defy a clear separation of interests, especially when such a purported separation relies on ambiguous contractual language. The law generally understands that a mortgagee is not distinct from a lender: a mortgagee is "[o]ne to whom property is mortgaged: the mortgage creditor, or lender." Black's Law Dictionary 1034 (8th ed. 2004). By statute, assignment of the mortgage

5

carries with it the assignment of the debt. K.S.A. 58-2323. Although MERS asserts that, under some situations, the mortgage document purports to give it the same rights as the lender, the document consistently refers only to rights of the lender, including rights to receive notice of litigation, to collect payments, and to enforce the debt obligation. The document consistently limits MERS to acting "solely" as the nominee of the lender." The Missouri court found that, because MERS was not the original holder of the promissory note and because the record contained no evidence that the original holder of the note authorized MERS to transfer the note, the language of the assignment purporting to transfer the promissory note was ineffective. "MERS never held the promissory note, thus its assignment of the deed of trust to Ocwen separate from the note had no force." The Court challenged MERS standing in any foreclosure action when it stated: "What stake in the outcome of an independent action for foreclosure could MERS have? It did not lend the money to Kesler or to anyone else involved in this case. Neither Kesler nor anyone else involved in the case was required by statute or contract to pay money to MERS on the mortgage. [citation omitted]("MERS is not an economic 'beneficiary' under the Deed of Trust. It is owed and will collect no money from Debtors under the Note, nor will it realize the value of the Property through foreclosure of the Deed of Trust in the event the Note is not paid."). If MERS is only the mortgagee, without ownership of the mortgage instrument, it does not have an enforceable right." The mortgage instrument states that MERS functions "solely as nominee" for the lender and lender's successors and assigns. The word "nominee" is defined nowhere in the mortgage document, and the functional relationship between MERS and the lender is likewise not defined. In the absence of a contractual definition, the parties leave the definition to judicial interpretation. What meaning is this court to attach to MERS's designation as nominee for Millennia? The parties appear to have defined the word in much the same way that the blind men of Indian legend described an elephant—their description depended on which part they were touching at any given time. Counsel for Sovereign stated to the trial court that MERS holds the mortgage "in street name, if you will, and our client the bank and other banks transfer these mortgages and rely on MERS to provide them with notice of foreclosures and what not." He later stated that the nominee "is the mortgagee and is holding that mortgage for somebody else." At another time he declared on the record that the nominee "is more like a trustee or more like a corporation, a trustee that has multiple beneficiaries. Now a nominee's relationship is not a trust but if you have multiple beneficiaries you don't serve one of the beneficiaries you serve the trustee of the trust. You serve the agent of the corporation." In the end, the court summarized that MERS had no standing or right to assert a claim when it stated:

"MERS's contention that it was deprived of due process in violation of constitutional protections runs aground in the shallows of its property interest. As noted in the discussion of the first issue above, MERS did not demonstrate, in fact, did not attempt to demonstrate, that it possessed any tangible interest in the mortgage beyond a nominal designation as the mortgagor. It lent no money and received no payments from the borrower. It suffered no direct, ascertainable monetary loss as a consequence of the litigation. Having suffered no injury, it does not qualify for protection under the Due Process Clause of either the United States or the Kansas Constitutions."

6. In re Wilhelm, 407 B.R. 392 (Bankr. D. Idaho 2009) (standard mortgage note language does not expressly or implicitly authorize MERS to transfer the note)

7. In re Vargas, 396 B.R. 511, 517 (Bankr. C.D. Cal. 2008) ("[I]f FHM has transferred the note, MERS is no longer an authorized agent of the holder unless it has a separate agency contract with the new undisclosed principal.

8. In re: MERS v. Saunders (Maine Supreme Court Ruling docket Cum-09-640 August `1, 2010), the Justices concluded:

   a. In order to enforce a debt obligation secured by a mortgage and note, a party must be in possession of the note.4   See Premier Capital, Inc. v. Doucette, 2002 ME 83, ¶ 7, 797 A.2d 32, 34 (describing a note associated with a mortgage as a negotiable instrument). Pursuant to Maine's adoption of the Uniform Commercial Code, the only party entitled to enforce a negotiable instrument is:

      i. (1) The holder of the instrument; (2) A nonholder in possession of the instrument who has the rights of a holder; or (3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 3-1309 or 3-1418, subsection (4). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

      ii. 11 M.R.S. § 3-1301 (2009). MERS does not qualify under any subsection of section 3-1301 because, on this record, there is no evidence it held the note, was in possession of the note, was purporting to enforce a lost, destroyed, or stolen instrument pursuant to 11 M.R.S. § 3-1309 (2009), or was purporting to enforce a dishonored instrument pursuant to 11 M.R.S. § 3-1418(4) (2009).

   b. And further concludes:

      i. In summary, we hold that MERS could not institute this foreclosure action and invoke the jurisdiction of our courts because it lacks an enforceable right in the debt that secures the mortgage. Although MERS

7

> lacked standing in the present case, the jurisdictional flaw was corrected
> when the court appropriately21 granted the Bank's motion for
> substitution. The court erred, however, in granting the Bank's "renewed"
> motion for summary judgment, both because the Rules of Civil Procedure
> do not allow for reconsideration or amendment in the absence of a final
> judgment, and because the motion, even as amended, did not support a
> conclusion that the Bank was entitled to judgment as a matter of law.

9. In re: U.S. BANK NATIONAL ASSOCIATION, trustee vs. Antonio IBANEZ, the Massachusetts Supreme Court has ruled that before the "lender" may foreclose on a subject property, they must provide evidence of perfected chain of title in both the Deed of Trust as well as the promissory note. Blank assignments of the promissory note can not be construed as evidence of perfected interest. Neither is possession without proper assignment.

10. In the California Appellate Court decision re: Herrerra vs. Deutsche Bank, assignment documents recorded in county records were considered hearsay and inadmissible since the defendant could not prove ownership of the Note.

11. In the case of Taylor v. Deutsche Bank National Trust Company decided in the 5th District of Florida has given us new case law relating to the Mortgage Electronic Registration System (MERS). Mr. Taylor claimed that because the mortgage was not endorsed and did not have an allonge or a specific assignment that it was only payable to the original lender. He further argued that MERS assignee did not have the standing to foreclose on the home.

8

## V.    RELIEF REQUESTED:

State briefly what relief you  seek  from  the  Court.   Do not make legal  arguments or cite to cases/ statutes.

1. Permanent stay of foreclosure sale
2. Declare the Mortgage null and void
3. Granting any other such relief as is necessary and appropriate

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT,
INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

8/23/2011
    (Date)

(Signature of Plaintiff)

Revised 07/02

9